**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Mark Sasser<br>6671 W. Indiantown Rd. 56-388<br>Jupiter, FL 33458<br><br>     Plaintiff,<br><br>v.<br><br>Asset Acceptance, LLC.<br>c/o C T Corporation System,<br>Registered Agent<br>208 S. LaSalle St. Suite 814<br>Chicago, IL. 60604<br><br>     Defendant. | FILED<br>March 11, 2008   TG<br><br>CASE NO.: 08cv1439<br><br>JUDGE: Judge Grady<br>Magistrate Judge Brown<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**UNDER THE FAIR DEBT**<br>**COLLECTION PRACTICES ACT**<br>**AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.   Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this action within the time frame permitted under the FDCPA.

9. Between May 2006, and November 2006, Plaintiff sent Defendant several letters requesting that Defendant cease communication with Plaintiff regarding the Debt.

10. Despite these notices, Defendant continued to contact Plaintiff regarding the debt.

11. In or around January 2007, during a communication between Plaintiff and Defendant, Defendant stated to Plaintiff "we have verified your employment, now we can get our money."

12. In or around March 2007, during a communication between Plaintiff and Defendant, Defendant threatened to sue Plaintiff and garnish Plaintiff's wages if Plaintiff did not enter into a payment arrangement to resolve the debt.

13. In or around May 2007, during a communication regarding Plaintiff's debt, Defendant told Plaintiff's wife that Defendant had not heard from Plaintiff and asked Plaintiff's wife "is that deadbeat trying to avoid us?"

14. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

15. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collections Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692e in that it continued, on multiple occasions, to contact Plaintiff notwithstanding the fact that the defendant received written cease and desist instructions.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:   /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip
Attorney for Plaintiff
20 W. Kinzie Street, Suite 1300
Chicago, IL 60610
Telephone:  866-339-1156
Email:  jsh@legalhelpers.com